PER CURIAM.
The Juvenile Court Rules Committee of The Florida Bar has petitioned this Court to approve its report containing emergency amendments to the Florida Rules of Juvenile Procedure. We have jurisdiction. Art. V, § 2(a), Fla. Const. The proposed amendments reflect statutory changes through the 1994 legislative session. As required by Florida Rule of Judicial Administration 2.130, the amendments were submitted to The Board of Governors of The Florida Bar for review. The Board unanimously recommended approval of the rules. The Florida Bar News published the proposed changes to the rules on May 15, 1995, and this Court accepted comments thereafter. The submitted responses concerned recommended grammatical changes or other nonsubstantive editing suggestions the committee had already considered.
We adopt the committee’s proposed amendments. The text of the amended portions of the rules is appended to this opinion. Deletions are indicated by the use of struck-through type; new language is indicated by underscoring. Committee comments are included for explanation and guidance only and are not adopted as an official part of the rules. The amended rules shall become effective upon the filing of this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 8.210. PARTIES
(a) Definitions. For the purpose of these rules the terms “party” and “parties” shall include the petitioner, the child, the parent(s) of the child, the department, and, the guardian ad litem, wherewhen appointed, and the custodian.
(b) Additional PartiesParticipants. The state attorney’s-office or the Department of Health and-Rehabilitative Services may--become- a-party upon notice to all other-parties and-the-coart; “Participant” means any person who is not a party but who should receive notice of hearings involving the child. Participants include foster parents, identified prospective parents, actual custodians of the child, grandparents entitled to priority for adoption consideration as provided by law, the state attorney, and any other person whose participation may be in the best interest of the child. The court may add additional partiesparticipants. Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene.
Committee Notes
1991 Amendment, (b) This section provides a mechanism to allow the Department of Health and Rehabilitative Services or the state attorney to become parties on notice to all other parties and the court.
1992 Amendment. Subdivision (b) allows additional parties, which should fall within the definition of “parties.” Sections 39.405(4)(b) and 39.437(4)(b), Florida Statutes, require service of summons upon the “actual custodians.” The result of the present rule is that in many instances relatives become parties. In almost all termination of parental rights cases, the foster parents would become parties. If custodians should be parties in a particular case, rule 8.210(b) would allow them to be parties.
RULE 8.400. PERFORMANCE AGREEMENTSPARTICIPATORY CASE PLANS
(a) Performance AgreementsCase Plans. Within 30 days after placement of a child in foster care the department shaümust do one of the following:
(1) File with the court a performance agreementcase plan signed by the parties involved, which shall include but not be limited to the attorney representing the department, the department counselor, the par-entis), counsel for the parent, if represented, *802 and: the guardian ad litem, and, when appropriate, the child.
(2) Submit a motion requesting an extension of the time for filing the performance agreementcase plan for a period of not more than 30 days; however, this shall not preclude a party or any other agency or person participating in the preparation of the performance-agreementcase plan from filing the motion.
(A) A copy of the motion and notice of hearing shall be served on the parties and participants involved in the preparation of the performance agreementcase plan.
(B) The court shall hear all parties present, in person, by counsel, or both. The department at all times, however, shall be represented by an attorney. Only one 30-day extension may be granted upon a showing of good cause.
(3) Submit a motion for review of a plan for permanent placement, to which a copy of the proposed plan shall be attached.
(b) Amendments. The performance agreementcase plan may be amended by:
(1) the parties at any time provided agreement is unanimous by all parties, but any revised agreementplan must be filed-with the court which may convene a-hearing on the revi&ions-after-notice to all partiesapproved by the court; or
(2) the court upon motion of a party after notice to all other parties.
RULE 8.405. PERMANENT PLACEMENT-PLANSUNILATERAL CASE PLANS
(a) Contents. If the parents, legal guardian, or custodian are unable or unwilling to participate in the preparation of a performance agreementcase plan, the department shadstill must submit a case plan for-perma■nent-placement. In the event that such a plan is submitted because the parents will not or cannot participate in the preparation of the perfbrmance-agreementplan, the plan or supporting documents shall contain a full explanation of the circumstances preventing the parents from participating. In the event that the plan is being submitted due to the inability of the parents and the department to concur in all or any portion of the performance-agreementplan, the plan or supporting documents shall contain an explanation of the nature of the disagreement.
(ab) Service. The motion, proposed plan, and notice of hearing shall be served on the parties and participants in the preparation of the performance.agreementplan.
(be) Hearing. The court shall hear all parties present, in person, by counsel, or both. After such hearing, the court shall order the department to submit the unilateral case plan for permanent-placement, but may, in its discretion, issue a protective order modifying, deleting, or adding to the requirements included in the unilateral case planfor-permanent-placement.
Committee Note
1991 Adoption: This new rule provides a procedure for permanent placement plans consistent with law. Sections on service and hearing were taken from old rule 8.800.
RULE 8.410. JUDICIAL REVIEW OF INITIAL PERFORMANCE-AGREEMENT — QR-PERMANENT PLACEMENT RLANCASE PLANS
(a) Hearing. Upon receipt of the performance agreement-or permanent placement-case plan, the court shall set, within 4530 days, a hearing to review the contents of the agreement or plan. Notice of the review hearing will be served on all parties and/or their counsel.
(b) Determinations by Court. At the hearing, the court shall determine if:
(1) The agreement or plan is consistent with the previous findings and orders of the court placing the child in care.
(2) The agreement or plan is consistent with the requirements for the content of a performance agreement or permanent place-mentcase plan as provided by law.
(3) The parents were advised of their right to have counsel present at all prior hearings and the parents, guardian, ór custodian were advised of their right to participate in the preparation of the case plan and to have counsel or any other person assist in the *803 preparation of the performance agreement-case plan.
(4) The performance agreementcase plan is meaningful and designed to address the facts, circumstances, and problems upon which the court based its order of dependency for the child; particularly, if the parents, guardian, or custodian have the ability to perform the tasks assigned to them and that the social service agency can provide the assistance necessary to the parents to reunite the family.
(5) The permanent-placement — plan adequately addresses the goals and needs of the child and- comples-with-all-fee-reqmrements for a performance agreement.
(c) Court Action. After the hearing;,
(-l-)-Iif the court determines that the requirements for the performance agreement-case plan have not been met, it mayshall order the parties to make amendments to the agreementplan. The amended plan shall-must be submitted to the court for another hearing and approval. If the parties do not agree on the final terms, the court shall order those conditions and tasks it believes the parents, guardian, or custodian must accomplish for the return of the child. In addition, the court may order the department to provide those services necessary to assist in the efforts to reunify the family.
(2)- If -the-court-finds-that-the-proposal of a permanent-placement plan was not warranted — i^cam-order-the preparation of a performance — agreement;—The—ordered perfor-mapce-agceement-will.-then-be-reviewed.--ae-cording- to -these-rules- -and - as -provided-by
(d) Entry of Findings. The court shall enter its findings with respect to the review of the performance agreement or permanent placementcase plan in writing and make specific findings on each element required by law to be included in a performance-agreement or permanent placementcase plan.
(e) Review Hearing. The court will set a hearing to review the performance of the plan 6 months from the date of approval.
Committee Note
1991 Adoption: This rule provides for judicial review of performance agreements and permanent placement plans consistent with law. It requires a hearing within 45 days, lists the criteria the court must consider in reviewing the agreement or plan, and provides procedures following the hearing.
RULE 8.500. PETITION
(a) Initiation of Proceedings.
(1) All proceedings seeking the termination of parental rights to a child shall be initiated by the fifing of an original petition in the pending dependency action, if any.
(2) A petition for termination of parental rights may be filed at any time.
(3) When provided by law, a separate petition for dependency need not be filed.
(b) Contents.
(1) A petition may be filed by the department, the guardian ad litem, a licensed child-placing agency, or any person having knowledge of the facts. Each petition shall be entitled a petition for termination of parental rights.
(2) The petition shall contain allegations as to the identity and residence of the parents and custodians if known.
(3) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(4) When required by law, the petition shall contain a showing that the parents were offered a performance agreement or permanent- placementcase plan and did not substantially comply with it.
(5) The petition shall have a certified copy of the birth certificate of each child named in it attached unless the petitioner, after diligent search and inquiry, is unable to produce it, in which case the petition shall state the date and place of birth of each child, unless these matters cannot be ascertained after diligent search and inquiry or for other good cause.
(c) Verification. The petition shall be signed under oath stating the good faith of the petitioner in fifing it. No objection to a petition on the grounds that it was not signed *804 or verified, as herein provided, shall be entertained after a plea to the merits.
(d) Amendments. At any timé before the conclusion of an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion; however, after a written answer has been filed or the adjudicatory hearing has commenced, amendments shall be permitted only with the permission of the court unless all parties consent. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance shall be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(e) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of mis-joinder of counts. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child, parent, or custodian and prejudice any of them in the preparation of a defense, the petitioner will be required to furnish a more definite statement.
(f) Voluntary Dismissal. The petitioner, without leave of the court, at any time before entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice of request of dismissal on all parties or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 48 hours. Unless otherwise stated, the dismissal shall be without prejudice.
(g) Parental Consent.
(1) The parents of the child may consent to the petition for termination of parental rights at any time, in writing or orally, on the record.
(2) If the parents have consented to the termination of parental rights and executed surrenders and waivers of notice of hearing as provided by law, this shall be alleged in the petition and copies shall be attached to the petition and presented to the court.
Committee Notes
1991 Adoption: This is an entirely new part consistent with the restructuring of chapter 39, Florida Statutes, which now contains a separate part on termination of parental rights. These rules closely track the rules in Part B., Dependency, except for areas that are significant only in termination of parental rights proceedings such as provisions for an advisory hearing within 14 days and the requirement that a petition show proof of admission or consent, if alleged. RULE 8.505. ' SUMMONS AND NO-TICEPROCESS AND SERVICE
(a) Personal Service. Upon the filing of a pleadingpetition requesting the termination of parental rights a summons- containing notice of the petition directing the-parties to appear at a specific date and time copy of the petition and notice of the date, time, and place of the advisory hearing mustshaü be personally served on-those persons as -provided by law
(1) the parents;
(2) the legal custodians or guardian of the child;
(3) if the natural parents are dead or unknown, a living relative of the child, unless upon diligent search and inquiry no relative can be found;
(4) any person who has physical custody of the child;
(5) any grandparents entitled by law to priority for adoption;
(6) any prospective parent identified by law; and
(7) any other person as provided by law.
(b) Contents. The summonsdocument containing the notice to respond or appear shall notify the required persons of the filing of the petition and shallmust contain in type at least as large as the balance of the document the following or substantially similar language:
“You must either appear on the date-and at the time specified or send a written response-to- -the-court before that time. — Your failure to appear or respond may be treated as consent to the ■ termination-of-your paren *805 tal rights and you-may lose all legal rights as a parent-to the child or children named in-the petition attached to the summons^“FAILURE TO RESPOND TO THIS NOTICE OR TO APPEAR AT THIS HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS OF THIS CHILD (THESE CHILDREN). IF YOU FAIL EITHER TO APPEAR ON THE DATE AND TIME SPECIFIED OR SEND A WRITTEN RESPONSE TO THE COURT BEFORE THAT TIME YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION ATTACHED TO THIS NOTICE.”
(e) Constructive Service. Parties upon whom personal service of process cannot be effected shall be served by publication as provided by law.
(d) Waiver of Service. Service of process may be waived, as provided by law, with regard to persons who have executed a written surrender of the child(ren) to a licensed child-placing agency or the department.
RULE 8.520. ANSWERS AND RESPONSIVE PLEADINGS
(a) No Written Answer Required. No answer to the petition need be filed by the parent. The parent of the child may enter an oral or written answer to the petition or appear and remain silent.
(b) Plea of Denial of Allegations. If the parent denies the allegations of the petition, appears and remains silent, or pleads evasively, the court shall enter a denial and shall set the case for an adjudicatory hearing.
(c) Plea of Admission-of or ConsenRte the Termination-of-Par-ental Rights. If the parent appears and enters a plea of admission or consent to the termination of parental rights, tThe court shall determine that anythe admission or consent to a termination-of-parental rights is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the admission or consentplea and that the parent or custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order of adjudication.
(d)Failure to Appear or Respond. If the parent fails to appear or respond at the advisory hearing, after proper notice, the failure to appear or respond shall constitute consent for the termination of parental rights by the person given notice.
RULE 8.530. DISPOSITION HEARINGS
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the dispositional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. This evidence shall include the predisposition study report and all other written reports required by law and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or parent or custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure to Parties. All parties shall be entitled to disclosure of all information in all reports submitted to the court.
(c) Orders of Disposition. The court shall enter an order of disposition as required by law.a final order-granting or denying the petition for ■termination of parental rights including-ar-statement of the facts upon which — it- was basedThe written order must contain a statement of the facts upon which the dispositional decision is based.
(d) Termination of Parental Rights with Subsequent Visitation. The parties may stipulate, or the court may order, that parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child. If the court orders continued contact, the nature and frequency of such contact must be set forth in a written order. The visitation order may be reviewed upon motion of any party, including a prospective adoptive parent, and must be re *806 viewed by the court at the time the child is adopted.